**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| ANDRELL BROWN )<br><br>         Plaintiffs,      )<br>v.                      )<br>                        )<br>LASALLE CORRECTIONS )<br>WEST, LLC d/B/A PRAIRIELAND )<br>DETENTION CENTER; JIMMY )<br>JOHNSON; LEANDRO HERNANDEZ; )<br>and ARMANDO CASTRO      )<br>                        )<br>         Defendants.     ) | CASE NO. 4:25-CV-00739-P |

**THIRD AMENDED COMPLAINT**

Plaintiff Andrell Brown files this her Third Amended Complaint seeking damages from (1) LaSalle Corrections West, LLC d/b/a Prairieland Detention Center, (2) Jimmy Johnson, (3) Leandro Hernandez, and (4) Armando Castro, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and Section 1981 of the Civil Rights Acts of 1866, 42 U.S.C. §1981 ("Section 1981"). For these causes of action, Plaintiff states as follows:

**PARTIES**

1.      Plaintiff Andrell Brown is a Black female who resides in Fort Worth (Tarrant County), Texas and, at all material times, worked out of Defendant LaSalle's correctional facility in Alvarado, Texas.

2.      Defendant LaSalle Corrections West, LLC d/b/a Prairieland Detention Center ("LaSalle" or "Defendant") is a domestic limited liability company organized under the laws of the State of Texas, with its principal place of business located in Ruston, Louisiana.  LaSalle has been served with process.

3. Defendant Jimmy Johnson ("Johnson") is a White male who, at all material times, served as the warden of LaSalle Corrections West, LLC d/b/a Prairieland Detention Center and who, on information and belief, resides in Covington, Texas. Defendant Johnson has been served with process.

4. Defendant Leandro Hernandez ("Hernandez") is a Hispanic male who, at all material times, served as the assistant warden of LaSalle Corrections West, LLC d/b/a Prairieland Detention Center and who, on information and belief, resides in Alvarado, Texas. Defendant Hernandez has been served with process.

5. Defendant Armando Castro ("Castro") is a Hispanic male who, at all material times, served as a chief/supervisor at LaSalle Corrections West, LLC d/b/a Prairieland Detention Center and who, on information and belief, resides in Hillsboro, Texas. Defendant Castro has been served with process.

**JURISDICTION AND VENUE**

6. Plaintiff seeks relief for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), and Section 1981 of the Civil Rights Acts of 1866, 42 U.S.C. §1981. Accordingly, this Court has jurisdiction under 28 U.S.C. § 1331.

7. At all times material hereto, Defendant LaSalle Corrections, LLC conducted business in Texas and was doing business in the State of Texas by employing Plaintiff in Alvarado, Texas. The causes of action asserted herein arose from and are connected to purposeful acts committed by Defendants during Plaintiff's employment in Alvarado, Texas.

8. A substantial portion of the acts and omissions giving rise to Plaintiff's claims occurred in Johnson County, Texas and Plaintiff resides in Tarrant County, Texas. Venue is proper in this district and division under 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).

**EXHAUSTION OF ADMINISTRATIVE PROCEDURES AND REMEDIES**

9.      Plaintiff timely filed with Equal Employment Opportunity Commission ("EEOC") charges of discrimination and retaliation against Defendant LaSalle.

10.      Plaintiff Andrell Brown received her notice of right to sue from the EEOC on February 29, 2024 and timely filed this First Amended Complaint within those 90 days of receiving that notice of right to sue.

**FACTUAL BACKGROUND**

11.      Defendant LaSalle is a developer and operator of correctional facilities throughout Louisiana, Texas and Georgia. According to its website, LaSalle claims to manage 18 facilities with a total inmate capacity of 13,000 throughout those states.

12.      Defendant LaSalle also claims to provide equal employment opportunities without regard to race, color, national origin, or ancestry (among other things) and purports to prohibit "any form of unlawful employee harassment or discrimination based on these characteristics. (See: https://lasallecorrections.com/workplace/).

13.      Defendant Lasalle  is an "employer" as that term is defined in 42 U.S.C. § 2000e(b) and Texas Labor Code § 21.002(8).

14.      Plaintiff Andrell Brown was employed as a Detention Officer with LaSalle from January 2020 through May 2023, at which time she was constructively discharged for having previously complained of racial harassment.

15.      In September 2021, when Plaintiff Andrell Brown was eligible for a move to a different and more desirable shift, Defendants Johnson, Castro, and Hernandez attempted to prevent her shift change and required her to seek that shift change through union efforts and challenges. However, when Caucasian and Hispanic employees had requested shift changes for

which they were eligible, Defendant Johnson had approved those requests without requiring an official union action.

16.    After successfully obtaining her change to the new shift (Shift 1B) though union action, Plaintiff Andrell Bown noticed that Black Detention Officers were typically being assigned to more aggressive and difficult security stations, while Caucasian and Hispanic security offers were typically being assigned the more desirable, less-difficult stations.

17.    It was during this time that Plaintiff Andrell Brown began hearing racial slurs and other derogatory language regarding Black employees being used in the workplace.

18.    In June 2022, several Detention Officers heard Defendant Castro remark to one of the training managers in a training class that he (Castro) did not want "the guy with dreads" assigned to his shift because "he has enough of them kind already on my shift."

19.    In September 2022, Plaintiff Andrell Brown and others became aware of social media posts made by Defendant Castro that contained racially derogatory comments directed toward Blacks. One of them stated: "Not our Queen, not our circus. We have our own monkey and circus, thank you." This is but one example of his racial animus towards Black employees.

20.    Also in September 2022, Defendant Castro berated Plaintiff Andrell Brown and a small group of Black Detention Officers, threatening them with their jobs and telling them that they should "go work for McDonald's." Plaintiff Andrell Brown, along with her co-workers, complained to Defendants' Johnson and Hernandez regarding Castro's conduct /behavior, however, no investigation was ever conducted nor was any remedial action ever taken.

21.    In May 2023, after filing her Charge of Discrimination with the EEOC alleging race harassment and discrimination, Plaintiff Andrell Brown learned of derogatory remarks still

being made about her by Defendant Castro in a main control briefing. She learned of these remarks directly from the attendees at that briefing.

22.    Plaintiff Andrell Brown suffered—and continues to suffer—severe anxiety and stress over her treatment, and the treatment of other Black Detention Officers as a result of the conduct and/or omissions of Defendants Castro, Johnson, and Hernandez. To further compound the situation, Plaintiff Andrell Brown was never notified of any results or conclusions from any Human Resources investigation, leading her to believe that no such investigations were ever conducted.

23.    The entirety of the comments and conduct directed toward Plaintiff Andrell Brown (as well as the other Black Detention Officers on staff) were wholly inappropriate and entirely unwelcome, and did nothing but create a hostile and untenable work environment which neither Plaintiff Andrell Brown nor any reasonable individual could be expected or required to endure.

24.    After trying in vain to cope with the racial harassment at work and LaSalle's abysmal failure or refusal to remedy that situation, Plaintiff Andrell Brown concluded that the situation would never improve. Plaintiff Andrell Brown decided that she could no longer continue working there to the detriment of her mental and physical well-being. The stress and anxiety had become too much to bear, and she submitted her resignation letter to LaSalle in March 2023, having been constructively discharged.

## CAUSES OF ACTION

**A.    Count One: Hostile Work Environment Harassment (Race) under Title VII (Defendant LaSalle Corrections West, LLC)**

25.    Plaintiff repeats and realleges, as if fully set forth herein, the allegations of the preceding paragraphs.

26.     Plaintiff alleges that Defendant LaSalle, as her employer, subjected her to a racially hostile work environment in violation of § 42 U.S.C. § 2000e-2 *et seq*.

27.     Plaintiff is a member of a protected class (Race: Black). Plaintiff was subjected to unwelcome and hostile verbal conduct of a racial nature which continued throughout her employment. 42 U.S.C. § 2000e(f).

28.     Defendant LaSalle is an employer within the meaning of Title VII. 42 U.S.C. § 2000e(b).

29.     All conditions precedent to filing this action for discrimination under federal law have been met.

30.     Defendant LaSalle, by and through the actions of its employee managers and supervisors, violated Title VII, as amended, by harassing Plaintiff and/or creating a racially hostile work environment, and/or discriminating and/or retaliating against Plaintiff in connection with compensation, terms, conditions or privileges of employment because of her race.

31.     Defendant LaSalle, by and through the actions of its employee managers and supervisors, maliciously and recklessly violated its own established rules and procedures to inflict pain and suffering upon Plaintiff.

32.     Defendant LaSalle allowed a racially hostile work environment that targeted Black employees to persist.

33.     Plaintiff complained about the racially-charged misconduct in accordance with Defendant LaSalle's policies and procedure but her complaints were ignored and Defendant LaSalle failed or refused to investigate. Defendant LaSalle failed to exercise reasonable care to prevent the aforementioned described racial harassment and hostile work environment from occurring.

34. Plaintiff would not have been subjected to the harassment but for her race, as evidenced by the type of remarks and conduct directed towards her.

35. The harassment inflicted on Plaintiff was severe and pervasive and altered the terms and conditions of her employment and created a hostile and abusive work environment.

36. Plaintiff complained of the harassment to human resources in accordance with Defendant LaSalle's policy and procedures. Defendant LaSalle knew or should have known about the harassment and failed to take prompt remedial action.

37. Defendant LaSalle failed to exercise reasonable care to prevent the aforementioned and described racial harassment and racially hostile work environment from occurring. Defendant LaSalle further failed to exercise reasonable care to correct promptly the aforementioned and described racially harassing behavior.

38. By the aforesaid acts and omissions of Defendant LaSalle, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary losses not presently ascertained.

39. As a further direct and legal result of the acts and conduct of Defendant LaSalle, Plaintiff has been caused to and did suffer and continues to suffer severe anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. Plaintiff does not know at this time the exact duration or permanence of said injuries, but are informed and believe and thereon allege, that some if not all of the injuries are reasonably certain to be permanent in character.

40. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000e-5(k).

41.    Such discrimination and harassment by Defendant LaSalle against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant LaSalle for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses.

42.    Further, this discrimination and harassment was done by Defendant LaSalle with malice or with reckless indifference to Plaintiff's federally protected rights. Plaintiffs are therefore also entitled to, and seek recovery of, punitive damages.

43.    Plaintiff requests relief as described in the Prayer for Relief below.

## B.    Count Two: Retaliation Under Title VII
### (Defendant LaSalle Corrections West, LLC)

44.    Plaintiff repeats and realleges, as if fully set forth herein, the allegations of the preceding paragraphs.

45.    Plaintiff has satisfied all jurisdictional prerequisites in connection with this claim under Title VII.

46.    Plaintiff engaged in protected activity by, among other things, complaining about the harassment and discrimination based on race to LaSalle's managers and supervisors, including Defendant Johnson, and filing a charge with the EEOC.

47.    Plaintiff reasonably believed the situation involving Defendant LaSalle's employee managers and supervisors constituted unlawful discrimination on the basis of race and a hostile environment.

48.    As a result of Plaintiff's reporting of the discriminatory and harassing misconduct and the filing and prosecution of the claims in this lawsuit, Plaintiff suffered adverse action. In particular, as a result of her protected activity, Plaintiff was further targeted for harassment and retaliation, including disciplinary warnings, suspensions, and/or termination.

49.    Defendant LaSalle, through the illegal actions of its employee managers and supervisors, retaliated against Plaintiff by materially altering the terms and conditions of her employment.

50.    There was a causal connection between Plaintiff's participation in protected activities and the adverse employment actions Defendant LaSalle taken against Plaintiff. But for the fact that the Plaintiff engaged in these protected activities, Plaintiff would not have suffered the adverse employment actions.

51.    The employment practices complained of above were intentional.

52.    As a result of Defendant LaSalle's retaliatory conduct, Plaintiff has suffered and will continue to suffer pecuniary losses, including but not limited to, lost wages and other benefits associated with her employment. Plaintiff has also suffered compensatory damages which were a natural, probable and foreseeable result of Defendant LaSalle's actions.

53.    As a further result of Defendant LaSalle's retaliatory conduct, Plaintiff has suffered nonpecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff seeks compensatory damages under Title VII.

54.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

55.    Plaintiff alleges that Defendant LaSalle, by engaging in the aforementioned acts and by ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of Plaintiff's rights, welfare, and safety, thereby justifying an award of punitive and exemplary damages in an amount to be determined at trial.

56.     As a result of Defendant LaSalle's acts and omissions as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit, including reasonable expert fees, as provided in Title VII of the Civil Rights of 1964, as amended.

57.     Plaintiff also requests relief as described in the Prayer for Relief below.

**C.      Count Three: Hostile Work Environment Harassment (Race) under Section 1981
(All Defendants)**

58.     Plaintiff repeats and realleges, as if fully set forth herein, the allegations of the preceding paragraphs.

59.     Defendants subjected Plaintiff to a hostile work environment in violation of 42 U.S.C. §1981. Plaintiff has been forced by Defendants to work in a hostile environment on account of her race.

60.     All Defendants, by and through both the acts and omissions of the Individual Defendants, violated Section 1981 by harassing Plaintiff and creating a hostile work environment as a direct result of Plaintiff's race.

61.     The race-based harassment was both subjectively and objectively hostile.

62.     Defendants maliciously and recklessly violated its own established rules and procedures to inflict pain and suffering upon the Plaintiff.

63.     Plaintiff would not have been subjected to the harassment but for her race, as evidenced by the type of remarks and conduct directed towards her.

64.     The harassment inflicted on Plaintiff was severe and pervasive and altered the terms and conditions of her employment and created a hostile and abusive work environment.

65.     Defendants failed to exercise reasonable care to prevent the aforementioned behavior and described sexual harassment and sexually hostile work environment from occurring.

10

Defendants further failed to exercise reasonable care to correct promptly the aforementioned and described sexually harassing behavior.

66.    By the aforesaid acts and omissions of Defendants, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary losses not presently ascertained.

67.    As a further direct and legal result of the acts and conduct of Defendants, Plaintiff has been caused to and did suffer and continues to suffer severe anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

68.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

69.    Plaintiff alleges that the Defendants, through omissions and by actually engaging in the aforementioned acts and/or in ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

70.    As a result of Defendants' conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as allowed by law.

71.    Plaintiff also requests relief as described in the Prayer for Relief below.

### D.    Count Four: Retaliation Under Section 1981
### (Defendant LaSalle Corrections West, LLC)

72.    Plaintiff repeats and realleges, as if fully set forth herein, the allegations of the preceding paragraphs.

11

73.    Plaintiff engaged in protected activity by, among other things, complaining about the racial harassment of Defendant's employee managers and supervisors, participating in the investigation process for that complaint, and filing and prosecuting the claims in this lawsuit.

74.    Plaintiff reasonably believed the situation involving Defendant LaSalle's employee managers and supervisors constituted unlawful discrimination and harassment on the basis of race and a racially hostile work environment.

75.    Plaintiff suffered adverse employment action. In particular, and in retaliation for her above-described protected activity, Plaintiff was further targeted for harassment and retaliation, including disciplinary warnings.

76.    The employment practices complained of above were intentional.

77.    Defendants' actions constitute unlawful retaliation under Section 1981. Specifically, Plaintiff previously opposed racially discriminatory practices and submitted complaints and/or participated in official investigations and proceedings regarding that complaint of racial harassment. But for Plaintiff's participation in these protected activities, she would not have suffered the adverse employment action/disparate treatment in the terms and conditions of her employment with Defendant.

78.    Plaintiff alleges that there was a causal connection between the participation in the protected activities described above and the adverse employment decisions made against Plaintiff. But for the fact that Plaintiff engaged in these protected activities, she would not have suffered the adverse employment actions.

79.    As a result of Defendant's retaliatory conduct, Plaintiff has suffered and will continue to suffer pecuniary losses, including but not limited to, lost wages and other benefits

associated with her employment. Plaintiff has also suffered compensatory damages which were a natural, probable and foreseeable result of Defendant's actions.

80.     As a further result of Defendant's retaliatory conduct, Plaintiff has suffered nonpecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Because of these losses, Plaintiff seeks compensatory damages under Section 1981.

81.     Defendants' actions were done with malice and/or with reckless indifference to Plaintiff's protected rights. Plaintiff is thereby entitled to punitive damages under Section 1981.

82.     Plaintiff also seeks reasonable attorneys' fees and court costs, including reasonable expert fees, as allowable by law.

## DAMAGES

83.     Plaintiff seeks actual, compensatory, and punitive damages.

84.     Defendants' actions were done with malice and/or with reckless indifference to Plaintiff's protected rights. As a result of Defendants' intentional discrimination and other unlawful acts described above, Plaintiff has suffered and will continue to suffer actual and compensatory damages, including but not limited to lost earnings, expenses for reasonable psychological and medical care (past and future), mental anguish, humiliation, and emotional distress.

85.     The conduct, statements, acts and/or omissions described hereinabove were committed knowingly, in that Defendants had actual awareness of the unfairness of such acts, practices, and/or omission.

86.     As a result of such acts, practices, and/or omissions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the

13

recovery of damages for mental anguish for which Plaintiff seeks to recover in an amount in excess of the minimum jurisdictional limits of this Court.

87.     The acts and omissions of Defendants complained of hereinabove were committed knowingly, willfully, intentionally, with actual awareness, and with specific intent. In order to punish Defendants for such unconscionable acts or omissions and to further deter such acts or omissions in the future, Plaintiff also seeks recovery for exemplary/punitive damages as authorized by law.

**JURY DEMAND**

88.     Plaintiff has demanded a trial by jury as to all issues.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Andrell Brown respectfully requests that on final trial, judgment be granted against Defendants LaSalle Corrections West, LLC d/b/a Prairieland Detention Center, Jimmy Johnson, Leandro Hernandez, and Armando Castro, awarding Plaintiff the following:

a.     Back pay, including but not limited to, lost wages and other employment benefits;

b.     Front pay and benefits;

c.     Actual damages;

d.     Compensatory and/or punitive damages, in the maximum amount allowed by law;

e.     Prejudgment and post-judgment interest, in the maximum amount allowed by law;

f.     Attorneys' fees, expert fees, and costs of suit; and

g.     Such other and further legal and equitable relief to which Plaintiff may be justly entitled.

Respectfully submitted August 5, 2025.

/s/ Kevin M. Duddlesten_____
Texas Bar No. 00793644
DUDDLESTEN LAW GROUP, PLLC
4347 W Northwest Hwy Ste 130, PMB 325
Dallas, TX 75220
Phone: (214) 833-5228
Facsimile: (469) 457-6785
Email: kevin@duddlestenlawgroup.com

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I certify a true and correct copy of the foregoing document was filed electronically on August 5, 2025. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Kevin M. Duddlesten_____
Kevin M. Duddlesten

15