**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ANDRELL BROWN** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:25-CV-00739-P** |
| | § | |
| **LASALLE CORRECTIONS** | § | |
| **WEST, LLC D/B/A PRAIRIELAND** | § | |
| **DETENTION CENTER; JIMMY** | § | |
| **JOHNSON; LEANDRO HERNANDEZ;** | § | |
| **and ARMANDO CASTRO** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' ANSWER  AND AFFIRMATIVE DEFENSES
TO PLAINTIFF ANDRELL BROWN'S THIRD AMENDED COMPLAINT (DOC. 59)**

DEFENDANTS LASALLE CORRECTIONS WEST, LLC D/B/A PRAIRIELAND

DETENTION CENTER ("LASALLE"), JIMMY JOHNSON ("JOHNSON"), LEANDRO

HERNANDEZ ("HERNANDEZ"), AND ARMANDO CASTRO ("CASTRO") (collectively

referred to as the "Defendants"), by and through their counsel of record, respectfully submit their

Answer and Affirmative Defenses to Plaintiff Andrell Brown's ("Brown1" or "Plaintiff") Third

Amended Complaint with jury demand (Doc. 59), in the above-styled case and would show the

Court as follows:

**PARTIES**

1.      Based upon information and belief, Defendants admit Plaintiff Brown1 represented

she is Black and is female.   Defendants are without knowledge, information, and/or belief

sufficient to either admit or deny whether Plaintiff Brown1 resides in Fort Worth (Tarrant County),

Texas.   Defendant LaSalle admits Plaintiff Brown1 worked at Defendant LaSalle's correctional

facility in Alvarado, Texas.

**Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint     Page 1**

2.      Defendant LaSalle admits Paragraph 2 in its entirety.  Defendants Johnson, Hernandez, and Castro are without knowledge, information, and/or belief sufficient to admit or deny whether Defendant LaSalle is a domestic limited liability company organized under the laws of the State of Texas, with its principal place of business located in Ruston, Louisiana but has information to believe Defendant LaSalle has been served with process.

3.      Defendants admit Defendant Johnson identifies as White and male and served as the Warden of Defendant LaSalle's Prairieland Detention Center ("PDC").  Defendant Johnson denies he resides in Covington, Texas but admits he resides in Grandview, Texas and was served with process. However, Defendant Johnson was served at the police station in LaVista, Texas. Defendants LaSalle, Hernandez, and Castro are without knowledge, information, and/or belief sufficient to admit or deny the remainder of Paragraph 3.

4.      Defendants admit Defendant Hernandez identifies as Hispanic and male and admits to have served as the Assistant Warden of Defendant LaSalle's PDC during the relevant time period.  Defendant Hernandez admits he was served with process. Defendants LaSalle and Castro admit Defendant Hernandez was served with process. Defendant Johnson is without knowledge, information, and/or belief sufficient to admit or deny whether Defendant Hernandez was served with process but admits Defendant Hernandez identifies as a Hispanic male. Defendant denies he resides in Alvarado, Texas but admits that he lives in Abilene, Texas.

5.      Defendants admit Castro identifies as Hispanic and male. Specifically, Defendant Castro serves as the Chief of Security at LaSalle's PDC. Defendant Castro admits he was served with process. Defendants LaSalle and Hernandez admit Defendant Castro was served with process. Defendant Johnson is without knowledge, information, and/or belief sufficient to admit or deny whether Defendant Castro was served with process but admits Defendant Castro identifies as a

**Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint    Page 2**

Hispanic male. Defendant denies he resides in Hillsboro, Texas but admits he resides in Itasca, Texas.

## JURISDICTION AND VENUE

6.      Defendants admit that the Court has jurisdiction of claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). Defendants admit the Court has jurisdiction over civil actions arising under Section 1981 of the Civil Rights Acts of 1866, 42 U.S.C. § 1981. Defendants further admit the Court has jurisdiction under 28 U.S.C. § 1331. Defendants deny Plaintiff is entitled to any relief under the stated statutes.

7.      Defendant LaSalle admits it conducted business in Texas and was doing business in the State of Texas by employing Plaintiff in Alvarado, Texas. Based upon information and belief, Defendants Johnson, Hernandez, and Castro admit Defendant LaSalle conducted business in Texas and employed Plaintiff.  Defendants vehemently deny the alleged causes of action arose from and are connected to purposeful acts.

8.      Defendants vehemently deny any violations of the law. Defendants are without knowledge, information, and/or belief sufficient to either admit or deny whether Plaintiff resides in Tarrant County, Texas. Defendants admit venue is proper in this district and division under 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES AND REMEDIES

9.      Defendants are without knowledge, information, and /or belief sufficient to either admit or deny whether Plaintiff Brown1 timely filed with the Equal Employment Opportunity Commission ("EEOC") charges of discrimination and retaliation against Defendant LaSalle. Consequently, this paragraph is denied in its entirety.

**Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint     Page 3**

10.     Defendants are without knowledge, information, and/or belief sufficient to either admit or deny when Plaintiff Brown1 received the notice. Defendants admit Plaintiff Brown1 filed a lawsuit, but the lawsuit was filed before receipt of the notice. Defendants deny exhaustion of administrative remedies to the extent Plaintiff Brown1 may have failed to timely bring any issues within 300 days to the Equal Employment Opportunity Commission ("EEOC") that are now asserted in the instant matter.

## FACTUAL BACKGROUND

### *General Background*

11.     Defendant LaSalle admits Paragraph 11 in its entirety. Defendants Johnson, Hernandez, and Castro admit Defendant LaSalle operates correctional facilities.  Defendants Johnson, Hernandez, and Castro have not reviewed Defendant LaSalle's website sufficiently to admit or deny the verbiage contained on the website.

12.     Defendant LaSalle denies paragraph 12 to the extent it alleges that the website states "based on these characteristics."

13.     Defendant LaSalle admits it is an "employer" under Title VII as defined in 42 U.S.C. § 2000e(b) and under the Texas Labor Code § 21.002(8). However, Plaintiffs do not bring any claims under the Texas Labor Code.  Defendants Johnson, Hernandez, and Castro are without knowledge, information, and/or belief sufficient to either admit or deny whether Defendant LaSalle meets the definition of "employer" under the statutes.

14.     Defendants admit Plaintiff Brown1 was employed at Defendant's LaSalle's PDC. Defendant LaSalle admits Brown1 was employed in January 2020 but resigned in March 2023 Defendant LaSalle denies Brown 1 was constructively discharged.  Defendants Johnson, Hernandez, and Castro lack knowledge, information, and/or belief sufficient to admit or deny the

**Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint     Page 4**

employment period for Plaintiff Brown1.  Defendants vehemently deny Plaintiff Brown1 was constructively discharged for any reason.

15.     Defendant LaSalle and Johnson admit Brown 1 requested a move from night shift to day shift while employed with Defendant LaSalle.  All Defendants deny all other allegations in Paragraph 15.

16.     Defendants are without knowledge, information, and/or belief sufficient to either admit or deny Plaintiff Brown1's beliefs.  Consequently, Paragraph 16 is denied in its entirety by all Defendants.

17.     Defendants are without knowledge, information, and/or belief sufficient to either admit or deny what Plaintiff Brown1 allegedly heard about Black employees at the workplace. Defendants deny racial slurs and derogatory language regarding Black employees were used in the workplace.  Defendant LaSalle's investigation did not support a finding of such alleged occurrence(s). Consequently, Defendants deny Paragraph 17 in its entirety.

18.     Defendants deny Paragraph 18 as written. The statement is misleading and mischaracterizes the alleged statements.

19.     Defendants are without knowledge, information, and/or belief sufficient to either admit or deny when Brown1 and purportedly any others allegedly became aware of a social media post alleged to have been made by Defendant Castro.  Plaintiff Brown1 misconstrues and conflates a post made by Defendant Castro related to Queen Elizabeth's death.  Defendants deny the post is an example of racial animus. Consequently, Paragraph 19 is denied in its entirety.

20.     Defendant Castro denies Paragraph 20 as written, "Defendant Castro berated Plaintiff Andrell Brown and a small group of Black Detention Officers, threatening them with their jobs and telling them that they should 'go work for McDonald's.'" Plaintiff Brown1 attempts to

mischaracterize facts and the context. Complaints brought to Defendant Johnson were investigated. Paragraph 20 is denied in its entirety.

21.    Defendant LaSalle admits Plaintiff Brown1 filed a Charge of Discrimination with the EEOC.  Defendants Johnson, Hernandez, and Castro lack knowledge, information, and/or belief sufficient to either admit or deny whether Brown1 filed a Charge of Discrimination with the EEOC. Further, Defendant Castro denies conducting a briefing in main control. Defendants are without knowledge, information, and/or belief sufficient to either admit or deny if or how Plaintiff Brown1 allegedly learned any hearsay statements. No statements have been identified, and Defendants deny derogatory statements were made. Consequently, Defendants deny Paragraph 21.

22.    Defendants lack knowledge, information, and/or belief sufficient to either admit or deny whether Plaintiff Brown1 suffered and continues to suffer severe anxiety and stress over her alleged treatment and the alleged treatment of other Black Detention Officers by the individual Defendants. Consequently, Defendants deny her statement in Paragraph 22.  Regarding the remainder of Paragraph 22, Plaintiff Brown1 did not report any matter to human resources. Allegations brought to Defendants LaSalle and/or Johnson's attention were investigated, and the union was informed about the outcomes regarding same. Consequently, Defendants deny Paragraph 22.

23.    Defendants deny Plaintiff Brown1's allegations in Paragraph 23.  Defendants further deny the allegations and objects to the extent she attempts to establish legal conclusions.

24.    Defendant LaSalle denies any failure or refusal to remedy any issue, if any, brought by Plaintiff Brown1 to be addressed. Plaintiff has not identified any racial harassment. Defendant LaSalle admits Plaintiff Brown1 submitted a letter of resignation. However, Defendants lack

knowledge, information, and/or belief sufficient to either admit or deny the remainder of Paragraph 24. Therefore, the allegations are denied.

**CAUSES OF ACTION**

A.     **Count One: Hostile Work Environment Harassment (Race) under Title VII (Defendant LaSalle Corrections West, LLC)[1]**

25.     Paragraph 25 requires no response.  To the extent a response is required, Defendant LaSalle denies the allegations and incorporates the prior responses.

26.     Defendant LaSalle denies Paragraph 26 in its entirety.

27.     Defendant LaSalle admits Plaintiff has identified as Black.  Defendant LaSalle denies the remainder of Paragraph 27.

28.     Defendant LaSalle admits it meets the definition of employer under Title VII.

29.     Defendant LaSalle, however, lacks knowledge, information, and/or belief sufficient to either admit or deny whether "[a]ll conditions precedent" have been met. Consequently, Defendant denies Paragraph 29.

30.     Defendant LaSalle denies Paragraph 30 in its entirety.

31.     Defendant LaSalle denies Paragraph 31 in its entirety.

32.     Defendant LaSalle denies Paragraph 32 in its entirety.

33.     Defendant LaSalle denies Paragraph 33 in its entirety.

34.     Defendant LaSalle denies Paragraph 34 in its entirety.

35.     Defendant LaSalle denies Paragraph 35 in its entirety.

36.     Defendant LaSalle denies Paragraph 36 in its entirety.

37.     Defendant LaSalle denies Paragraph 37 in its entirety.

---

[1] The allegations in this section are directed solely to Defendant LaSalle Corrections.  To the extent Plaintiff alleges Defendants (plural) are also referenced in the allegations, all Defendants deny the allegation.

**Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint     Page 7**

38.    Defendant LaSalle denies Paragraph 38 in its entirety.

39.    Defendant LaSalle denies Paragraph 39 in its entirety.

40.    Defendant LaSalle denies Paragraph 40.

41.    Defendant LaSalle denies Paragraph 41 in its entirety.

42.    Defendant LaSalle denies Paragraph 42 in its entirety.

43.    Defendant LaSalle denies Plaintiff is entitled to relief.

### B.    Count Two: Retaliation Under Title VII
### (Defendant LaSalle Corrections West, LLC)[2]

44.    Paragraph 44 requires no response.  To the extent a response is required, Defendant LaSalle denies the allegations and incorporates the prior responses.

45.    Defendant LaSalle lacks knowledge, information, and/or belief sufficient to either admit or deny whether "all jurisdictional prerequisites in connection with this claim under Title VII" have been met. Consequently, Defendant denies Paragraph 45.

46.    Defendant LaSalle denies Paragraph 46 as written.

47.    Defendant LaSalle objects to Paragraph 47 because it has no information to establish what Plaintiff believed and whether or not it was reasonable.  Defendant denies Paragraph 47 in its entirety.

48.    Defendant LaSalle denies Paragraph 48 as written as Plaintiff failed to identify any adverse actions or examples.

49.    Defendant LaSalle denies Paragraph 49 in its entirety.

50.    Defendant LaSalle denies Paragraph 50 in its entirety.

51.    Defendant LaSalle denies Paragraph 51 in its entirety.

---

[2] The allegations in this section are directed solely to Defendant LaSalle Corrections.  To the extent Plaintiff alleges Defendants (plural) are also referenced in the allegations, all Defendants deny the allegation.

**Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint    Page 8**

52.    Defendant LaSalle denies Paragraph 52 in its entirety.

53.    Defendant LaSalle denies Paragraph 53 in its entirety.

54.    Defendant LaSalle denies Paragraph 54 in its entirety.

55.    Defendant LaSalle denies Paragraph 55 in its entirety.

56.    Defendant LaSalle denies Paragraph 56 in its entirety.

57.    Defendant LaSalle denies Plaintiff Brown1 is entitled to relief.

**C.    Count Three: Hostile Work Environment Harassment (Race) under Section 1981
(All Defendants)**

58.    Paragraph 58 requires no response.  To the extent a response is required, Defendants deny the allegations and incorporate their prior responses. Defendants deny Paragraph 58 in its entirety.

59.    Defendants deny Paragraph 59 in its entirety.

60.    Defendants deny Paragraph 60 in its entirety.

61.    Defendants deny Paragraph 61 in its entirety.

62.    Defendants deny Paragraph 62 in its entirety.

63.    Defendants deny Paragraph 63 in its entirety.

64.    Defendants deny Paragraph 64 in its entirety.

65.    Defendants deny Paragraph 65 in its entirety Plaintiff refers to sexually harassing behavior, but provides no allegations related to this concluding statement.

66.    Defendants deny Paragraph 66 in its entirety.

67.    Defendants deny Paragraph 67 in its entirety.

68.    Defendants deny Paragraph 68 in its entirety.

69.    Defendants deny Paragraph 69 in its entirety.

70.     Defendants deny Plaintiff is entitled to relief, including any attorneys' fees and costs of suit.

71.     Defendants deny Plaintiff is entitled to any relief, particularly as stated in the Prayer for Relief.

### D.     Count Four: Retaliation Under Section 1981 (Defendant LaSalle Corrections West, LLC)[3]

72.     Paragraph 72 requires no response.  To the extent a response is required, Defendant LaSalle denies the allegations and incorporates the prior responses.

73.     Defendant LaSalle denies Paragraph 73 in its entirety.

74.     Defendant LaSalle objects to Paragraph 74 to the extent Defendant LaSalle has no specific knowledge regarding Plaintiff's beliefs or the reasonableness of any beliefs.  Defendant LaSalle denies Paragraph 74 in its entirety.

75.     Defendant LaSalle denies Paragraph 75 in its entirety.

76.     Defendant LaSalle denies Paragraph 76 in its entirety.

77.     Defendant LaSalle denies Paragraph 77 in its entirety.

78.     Defendant LaSalle denies Paragraph 78 in its entirety.

79.     Defendant LaSalle denies Paragraph 79 in its entirety.

80.     Defendant LaSalle denies Paragraph 80 in its entirety.

81.     Defendant LaSalle denies Paragraph 81 in its entirety.

82.     Defendant LaSalle denies Plaintiffs is entitled to the relief sought and denies Paragraph 82 in its entirety.

---

[3] The allegations in this section are directed solely to Defendant LaSalle Corrections.  To the extent Plaintiff alleges Defendants (plural) are also referenced in the allegations, all Defendants deny the allegation.

**DAMAGES**

83.     Defendants deny Plaintiff is entitled to actual, compensatory, and punitive damages as alleged in Paragraph 83.

84.     Defendants deny Paragraph 84 in its entirety.

85.     Defendants deny Paragraph 85 in its entirety.

86.     Defendants deny Paragraph 86 in its entirety.

87.     Defendants deny Paragraph 87 in its entirety.

**JURY DEMAND**

88.     No response is required for Paragraph 88.

**PRAYER FOR RELIEF**

Defendants deny Plaintiff's Prayer for Relief in its entirety, including subparts (a)-(g).

**DEFENDANTS' AFFIRMATIVE DEFENSES AND OTHER MATTERS**

1.     Some or all of Plaintiff's Complaint fails to state a claim or claims upon which relief can be granted.

2.     The Court lacks subject matter jurisdiction over some or all of Plaintiff's Complaint.

3.     Plaintiff cannot establish a *prima facie* case for any form of discrimination and/or retaliation under Title VII and/or Section 1981.

4.     Plaintiff's claims are barred, in whole or in part, to the extent that such claims exceed the scope of or are inconsistent with her Charge of discrimination Plaintiff filed with the EEOC and dually filed with the Texas Workforce Commission-Civil Rights Division.

5.      Any claims not raised in Plaintiff's Charges of Discrimination should be barred and dismissed for failure to exhaust administrative remedies and/or failing to satisfy the administrative prerequisites necessary to assert such claims.

6.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations to the extent that they were not presented to the EEOC in a timely fashion and to the extent that they did not occur within the time frames prescribed by law.

7.      The continuing violation doctrine does not apply to Plaintiff's hostile work environment claim.

8.      Plaintiff's claims against Defendants fail, in whole or in part, to the extent that the employment actions complained of by Plaintiff were based upon legitimate, nondiscriminatory, non-retaliatory, and non-pretextual business reasons and/or good faith reliance on applicable administrative rulings, orders, or law.

9.      To the extent, if any, unlawful harassment and/or discrimination was a motivating factor in any decision regarding Plaintiff, which Defendant LaSalle denies, Defendant LaSalle would have made the same decision absent any improper or unlawful motivation.

10.     Plaintiff Brown1 was an "at-will" employee.

11.     Defendant LaSalle is entitled to the benefit and protection of the "business-judgment defense."

12.     Plaintiff has failed to mitigate any damages she may claim to have suffered as a result of any alleged actions and failed to use reasonable efforts to obtain comparable employment. Alternatively, any damages claimed to have been suffered by Plaintiff should be reduced by whatever income or economic benefits she has earned or received after her employment with

**Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint    Page 12**

Defendant LaSalle ended. Defendant LaSalle is entitled to an offset for any amount that was in fact earned or could have been earned by Plaintiff during the relevant time.

13.    Defendants did not commit any act with malice or reckless indifference to Plaintiff's legally protected rights (if any), and Defendants did not approve, authorize, ratify, nor have actual knowledge of any such acts.

14.    Without conceding whether Plaintiff suffered any damages because of any alleged wrongdoing by Defendants, Defendants plead the due process limitation on punitive/exemplary damages outlined by the U.S. Supreme Court in its opinion in *State Farm Mut. Auto. Ins. Co. Campbell*, 538 U.S. 408 (2003).

15.    Defendant LaSalle cannot be vicariously liable for punitive damages in light of its good faith efforts to comply with the anti-discrimination statutes at issue in this case. *See Koland v. Am. Dental Ass'n*, 527 U.S. 526 (1999).

16.    Defendant LaSalle is entitled to the *Ellerth/Faragher* affirmative defense. Plaintiff's claims are barred because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory conduct and because Plaintiff unreasonably failed to properly take advantage of any preventative or corrective opportunities provided by Defendant to avoid harm otherwise.

17.    Plaintiff cannot recover punitive damages against Defendants for any alleged discrimination, including harassment, because any such alleged conduct would be contrary to Defendant LaSalle's good faith efforts to comply with applicable anti-discrimination law(s).

18.    To the extent Plaintiff seek punitive damages, such claims are barred in whole or part because Defendants have not engaged in intentional discrimination with malice or with reckless indifference to Plaintiff's rights.

**Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint    Page 13**

19.     Defendants specifically deny any allegations of intentional and knowing conduct and other conduct which may form the legal basis for entitlement to compensatory damages, liquidated damages, or punitive damages.  Defendants further deny that the acts and/or omissions alleged by Plaintiff amounts to willful, malicious, and/or reckless conduct.

20.     Plaintiff's compensatory and punitive damages are subject to all applicable statutory caps and limitations.

21.     Plaintiff's claims for punitive damages fail to the extent they are unconstitutional and/or otherwise not available.

22.     Plaintiff's damages claims are barred, in whole or in part, to the extent Plaintiff seeks to recover damages in excess of the type and amounts allowed or provided by law.

23.     Defendant LaSalle is not liable for the alleged unlawful acts and/or omission by its supervisors and/or managers to the extent those individuals acted outside the course and scope of employment.

24.     To the extent any representative of Defendant LaSalle committed the actions alleged by Plaintiff, which Defendant LaSalle and each of the Defendants deny, Defendant LaSalle neither knew nor should have known of any such alleged conduct.

25.     If Defendants are found liable for actual damages, Defendants intend to seek reduction of damages under the proportionate-responsibility statute.

26.     Plaintiff's claims against Defendants are barred, in whole or in part, on the applicable statute of limitations under Title VII and/or Section 1981.

27.     Plaintiff has no standing to bring associational discrimination claims.

28.     Plaintiff's claims for compensatory and punitive damages are subject to all applicable statutory caps and limitations.

29.    Plaintiff's claims for compensatory and punitive damages are limited by the provisions and maximum amount set forth in 42 U.S.C. § 1981a.

30.    An award of exemplary and/or punitive damages under the facts and circumstances of this case would violate the Fourteenth Amendment to the United States Constitution and the Due Process Clause of the Texas State Constitution.

31.    Defendants hereby invokes its right of entitlement to the limitations and caps on damage awards as provided in 42 U.S.C., § 1981a(b)(3), Texas Labor Code, § 21.2585, and other applicable law.

32.    Plaintiff is not entitled to double or duplicate recovery.

33.    Plaintiff has not identified any pattern or practice of discrimination based upon race.

34.    Plaintiff has not identified any pattern or practice of discrimination based upon gender.

35.    Plaintiff's claims are barred by the Texas Workers' Compensation Act, and the Texas Workers' Compensation Commission has exclusive jurisdiction over those claims until Plaintiff has exhausted her administrative remedies.

36.    Plaintiff's Complaint against Defendant Johnson is barred because he cannot be held individually liable under 42 U.S.C. § 1981.

37.    Plaintiff's Complaint against Defendant Hernandez is barred because he cannot be held individually liable under 42 U.S.C. § 1981.

38.    Plaintiff's Complaint against Defendant Castro is barred because he cannot be held individually liable under 42 U.S.C. § 1981.

39.    Plaintiff's retaliation claims are barred because she did not engage in a protected activity.

40.     Plaintiff has failed to state a claim upon which relief can be granted for constructive discharge because she did not exhaust her administrative remedies as to such claim. Furthermore, Plaintiff did not assert a claim of constructive discharge with the EEOC within the time period allowed for filing and therefore is estopped from bringing suit for such claim against Defendants. In addition, and in the alternative, Plaintiff has not alleged facts sufficient to show that her working conditions were so intolerable that a reasonable employee would feel compelled to resign. In addition, and in the alternative, Plaintiff has failed to state a claim upon which relief can be granted for constructive discharge because she voluntarily resigned from her employment with Defendant LaSalle.

41.     Plaintiff's claims are barred to the extent that she attempts to recharacterize her disparate treatment and harassment claims as a pattern and practice claim. Plaintiff is barred from bringing such a claim in her individual capacity.

42.     Plaintiffs' Complaint is frivolous under Federal Rule of Civil Procedure 11.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff takes nothing by her suit, that Plaintiff's claims be dismissed with prejudice to refiling; that Defendants be awarded a judgment in its favor for its costs and attorneys' fees incurred, and for such other and further relief, whether at law or in equity, to which Defendants are justly entitled.

Dated: August 19, 2025

Respectfully submitted,

**KAUFMAN DOLOWICH, LLP**

  /s/Janice S. Parker
Janice S. Parker
Texas Bar No. 15488050
janice.parker@kaufmandolowich.com
14643 Dallas Parkway, Suite 550
Dallas, Texas 75254
Telephone: (972) 781-2400
Facsimile: (972) 781-2401

***ATTORNEY FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

The undersigned certified that on this, the **19th** day of **August 2025** a true and correct copy of *Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint* was served upon all counsel of record, as indicated below, via [ ] United States mail, certified, return receipt requested, [ ] United States regular mail, [ ] facsimile, [ ] e-mail, [  ] hand delivery, [√] Notice of Electronic Court Filing.


Kevin M. Duddlesten
Texas Bar No. 00793644
DUDDLESTEN LAW GROUP, PLLC
4347 W. Northwest Hwy Ste 130, PMB 325
Dallas, Texas 75220
Telephone: (214) 833-5228
Email: kevin@duddlestenlawgroup.com
*Attorney for Plaintiffs*


 */s/Janice S. Parker*
Janice S. Parker